**Congressional
Research
Service**

**_Memorandum_**                                                        December 11, 2007

**TO:**          Hon. C.A. Ruppersberger
                 Attention: Steve Jost

**FROM:**        R. Chuck Mason
                 Legislative Attorney
                 American Law Division

**SUBJECT:**     State and Local Taxation of Enhanced Use Lease Agreements

---

This memorandum responds to your request for information concerning state and local taxation of Enhanced Use Lease Agreements (EUL) on U.S. military installations. Specifically, you requested information pertaining to potential taxation of EULs proposed for Ft. Meade and Aberdeen Proving Grounds located in Maryland. The Department of Defense (DOD) receives its legal authority to enter into EULs from 10 U.S.C. § 2667. The Maryland Tax Code provides for certain exemptions from property tax for government property and private interests in government property. If the proposed EULs at Ft. Meade and Aberdeen Proving Grounds do not meet the requirements for an exemption, they would likely be taxable.

## Enhanced Use Lease Agreement

10 U.S.C. § 2667 authorizes the Secretary of a military department to lease real or personal property to a lessee, when considered to be advantageous to the United States, upon such terms that will promote the national defense or be in the public interest.[1] In order for property to be considered eligible for lease, it must be under the control of the department concerned and may not be excess property as defined by 40 U.S.C. § 102.[2] In-kind payment of part or all of the consideration of the lease is specifically authorized.[3] In-kind consideration may consist of, but is not limited to, construction of new facilities, provision of facilities for use by the department, facilities operation support, and maintenance,

---

[1] 10 U.S.C. § 2667(a).

[2] _Id._ (Excess property is property under control of a federal agency that the head of the agency determines is not required to meet the agency's needs or responsibilities.)

[3] _Id._ at § 2667(b)(5).

protection, alteration, repair, improvement, or restoration of property and existing facilities.[4] Congress specifically addresses taxation of the lessee's interest in the property leased under an EUL by stating that the private interest may be taxed by state or local governments.[5]

## State of Maryland Tax Code

The State of Maryland has created property tax exemptions for government property and interests in government property.[6] Section 7-210 exempts property that is devoted to a governmental use or purpose and is owned by the federal government. Section 7-211 exempts an interest of a person in personal property of the federal government if the person holds an interest in the property under a contract with the federal government for manufacturing, constructing, or assembling equipment, supplies, or component parts for national defense; or for research or development for national defense purposes.[7] Additionally, an interest of a person in personal or real property of the federal government is exempt if the property is situated on land that is owned by the federal government and located within the defined boundaries of a military installation and is being used for national defense purposes or for housing for military personnel and their families.[8] The code defines national defense to include homeland security purposes.[9]

In 2005, Maryland created a new exemption for property used for national defense or military housing.[10] The exemption applies to personal or real property, if the federal government holds at least a 50% interest in the property, or the entity that owns the property, and the property is situated on land that is owned by the federal government and located within the defined boundaries of a military installation.[11] The property must be utilized for national defense purposes or housing for military personnel and their families in order for the exemption to be applicable.[12] As in earlier sections of the code, national defense is defined to include homeland security.[13]

The Court of Appeals of Maryland addressed taxation of federal property and private interests in government property in *Meade Heights, Inc. v. State Tax Commission*.[14] The case concerned the lease of property located on Fort Meade between the Secretary of the Army and private developers. The developers leased the land in order to construct housing units for the Army. Two local governments assessed taxes on the developments and the developers appealed the assessment. The court held that in the absence of congressional

---

[4] *Id.* at § 2667(c).

[5] *Id.* at § 2667(f).

[6] Md. Code Ann., Tax-Prop. §§ 7-210, 7-211 (2007).

[7] *Id.* at § 7-211(a)(2).

[8] *Id.* at § 7-211(a)(3).

[9] *Id.* at § 7-211(a)(1).

[10] *Id.* at § 7-211.2.

[11] *Id.* at § 7-211.2(b)(1).

[12] *Id.* at § 7-211.2(b)(2).

[13] *Id.* at § 7-211.2(a).

[14] 202 Md. 20 (Md. 1953).

consent, express or implied, a state cannot tax property owned by the federal government.[15] The court further held that private interests in government property are taxable to their full value.[16] The court noted that Congress consented to taxation of the lessee's interest per the terms of the lease.[17]

## Conclusion

Congress explicitly provided for the taxation of private interests under the EUL authority. The Court of Appeals of Maryland has held that private interests in government property are taxable to their full value. The State of Maryland created property tax exemptions for government property and interests in government property, but under limited circumstances. The constant variable for an exemption to apply is the requirement that the property be used for national defense purposes or for housing for military personnel and their families. Therefore, if the proposed EULs located at Ft. Meade and Aberdeen Proving Grounds do not meet the requirement as being used for national defense purposes or for housing for military personnel and their families, they would likely be taxable.

---

[15] *Id.* at 28 (citing *Johns Hopkins Univ. v. Co. Commrs.*, 185 Md. 614 (Md. 1949); *United States et al. v. Co. of Allegheny*, 322 U.S. 174 (1944)).

[16] *Id.* (citing *Baltimore Dry Dock Co. v. Baltimore City*, 97 Md. 97 (Md. 1903); *S.R.A., Inc. v. Minnesota*, 327 U.S. 558 (1946); *Buckstaff Bath House Co. v. McKinley*, 308 U.S. 358 (1939); *New Brunswick v. United States*, 276 U.S. 547 (1928)).

[17] *Id.*